United States District Court
Southern District of Texas
**ENTERED**
May 09, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Pedro Beltran Batalla, | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 4:17-CV-02076 |
| Lorrie Davis, | § | |
| Director of the Texas Department | § | |
| of Criminal Justice - Correctional | § | |
| Institutions Division, | § | |
| *Respondent*. | § | |
| | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner, Pedro Batalla, a Texas State inmate filed a petition for writ of habeas corpus under 28 U.S.C. § 2254, challenging his conviction for indecency with a child. Dkt. 1. The matter was referred to this magistrate Judge by District Judge Lynn Hughes. Dkt. 3. Respondent, Lorie Davis, filed a motion for summary judgment. Dkt.13. After reviewing the record, the Court recommends that Batalla's petition be denied with prejudice.

### Background

Batalla was convicted and sentenced to life imprisonment for indecency with a child. Batalla filed two state habeas corpus applications, and alleges he received ineffective assistance of trial counsel because counsel failed to *Batson* challenge the State. Batalla's first state application was filed on April 4, 2016, which was dismissed on June 22, 2016 for non-compliance. His second state application was filed on October 22, 2016, which the Texas Court of Criminal Appeals denied on June 14, 2017. Batalla then filed his federal petition (Dkt. 1) on July 7, 2017.

## Analysis

Batalla's petition is subject to review under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Section 2254 sets forth a "highly deferential standard for evaluating state court rulings, which demands the state court decision be given the benefit of the doubt." *Woodford v. Visclotti*, 537 U.S. 19, 24 (2002). A petitioner cannot obtain federal relief with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim resulted in: (1) a decision contrary to, or in light of an unreasonable application of clearly established law, as determined by the Supreme Court; or (2) a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. 28 U.S.C. § 2254(d). The state court's factual determinations are presumed correct, and a habeas petitioner bears the burden of rebutting that presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

Federal habeas courts do not sit to correct errors of fact, but to ensure that individuals are not imprisoned in violation of the Constitution. *See e.g., Moore v. Dempsey*, 261 U.S. 86, 87-88 (1923). Federal habeas relief would be merited if the state court's decision was incorrect and objectively unreasonable. *See Woodford v. Visciotti*, 537 U.S. 19, 27 (2002). Moreover, it is the state court's "ultimate decision" that is to be tested for unreasonableness, not every jot of its reasoning. *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002).

A defendant who wishes to demonstrate ineffective assistance of counsel must show (1) that counsel's performance was deficient and (2) that the deficient performance

prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish deficient performance, a person must show that counsel's representation fell below an objective standard of reasonableness. *Harrington v. Ritcher*, 562 U.S. 86, 104 (2011). A reviewing court must apply a strong presumption that counsel's representation fell within the wide range of professional assistance. *Id*.

As for prejudice, a challenger must show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have differed. *Id*. It is not enough "to show that the errors had some conceivable effect on the outcome of the proceeding." *Id*. Counsel's errors must be "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id*. at 787-88.

Surmounting *Strickland*'s high bar is not easy. *Richter*, 562 U.S. at 105 (quoting *Padilla v. Kentucky*, 130 S. Ct. 1473, 1485 (2010)). The reviewing court under *Strickland* must grant deference to the decisions of trial counsel. *Id*. at 101. Thus, establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. *Id*. at 105. Under § 2254(d), the reviewing court must grant deference not only to the decisions of counsel, but must grant additional deference to the decision of the state court. *Id*.

**Ineffective Assistance of Counsel**

Batalla argues he received ineffective assistance of trial counsel when counsel failed to *Batson* challenge the State for its exclusion of men from the jury. Batalla contends trial counsel's deficient performance resulted in Batalla being denied his fundamental right to a fair trial. This claim is without merit.

The state habeas court found, based on the affidavit of Batalla's trial counsel,[1] Ortiz, that Ortiz did not consider a *Batson* challenge against the State because it did not appear to him that the State had engaged in purposeful discrimination of potential jurors based on gender. Dkt. 14-27 at 23. The state court determined that Batalla failed to show the State improperly struck male jurors, and that trial counsel was deficient for failing to *Batson* challenge the State. Batalla does not offer any evidence to rebut the state court's findings. Therefore, these findings are presumed to be true.

In *Batson v. Kentucky*, 476 U.S. 79 (1986), the Supreme Court adopted an analysis for reviewing allegations of purposeful racial discrimination in the selection of petit juries. In order to make a prima facie case of an equal protection violation, the defendant must show: (1) that he is a member of a recognizable racial group; (2) he is "is entitled to rely on the fact, as to which there can be no dispute, that peremptory challenges constitute a jury selection practice that permits 'those to discriminate who are of a mind to discriminate;'" and (3) that the prosecutor used a practice "to exclude the veniremen from the petit jury on account of their race." *Id*. at 96. The Supreme Court has extended its ruling in *Batson* to prohibit gender discrimination in the exercise of peremptory challenges. *J.E.B. v. Alabama*, 511 U.S. 127 (1994).

The jury in Batalla's trial contained eight males and four females, with one female alternate juror. The jury strike range was up through juror no. 50, and out of those

---

[1] Ortiz submitted an affidavit (Dkt. 14-27 at 14-18), and the state habeas court found his affidavit credible and the facts stated therein true.

remaining jurors, at least thirty-two (32) were males. Dkt. 14-27 at 23. Yet, Batalla's trial counsel used half of his ten preemptory strikes against male jurors. *Id*.

As the state court concluded, there is no evidence that suggests the State used a practice to exclude veniremen from the petit jury based on their gender. This jury panel just happened to be majority male, and trial counsel was not deficient for failing to *Batson* challenge the State for gender bias. The state court findings are not an unreasonable application of clearly established law, or a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Batalla's ineffective assistance of trial counsel claim fails, and he is not entitled to relief on this ground.

The court finds there is no need to address Respondent's argument pertaining to the timeliness of Batalla's petition.[2]

## **Conclusion**

For these reasons, the Court recommends that Batalla's petition be denied with prejudice. The court also recommends Batalla's requests for an evidentiary hearing and appointment of counsel be denied. All remaining motions should be terminated as moot. Further, the Court finds that it is not debatable whether this Court is correct in its ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Therefore, the Court recommends that a certificate of appealability not be issued.

---

[2] In its order to show cause, the court acknowledged that Batalla's petition is time-barred. Dkt. 4. However, the court decided to allow Batalla a fair opportunity to show why his petition should not be dismissed.

The parties have 14 days from service of this memorandum and recommendation to file written objections. Failure to timely object will preclude appellate review of factual findings or legal conclusions, except for plain error. *See* Rule 8(b) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72.

Signed at Houston, Texas, on May 7, 2018.

Stephen Wm Smith
United States Magistrate Judge